UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23220-BLOOM/Otazo-Reyes

AMIN LAKHANI,

    Plaintiff,

v.

900 SOUTHWEST, LLC
*A Florida Limited Liability Company,*
and CAFE LA TROVA LLC
*a Florida Limited Liability Company
doing business as*
CAFE LA TROVA,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND
VERIFIED APPLICATION FOR ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Default Judgment and Verified Application for Attorneys' Fees and Costs, ECF No. [39] ("Motion"). The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I. BACKGROUND**

On October 4, 2022, Plaintiff Amin Lakhani initiated this action seeking injunctive relief, and reasonable attorneys' fees, expert fees and costs against Defendants 900 Southwest, LLC and Cafe La Trova LLC. ECF No. [1]. On December 15, 2022, Plaintiff filed his Amended Complaint in which he requests the same relief against the same Defendants for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181. *et seq*. ECF No. [21]. On January 17, 2023, Defendant Cafe La Trova LLC was dismissed from this case leaving only Defendant 900 Southwest, LLC ("Defendant"). *See* ECF No. [35].

Defendant was properly and timely served with a copy of the Complaint and summons on December 21, 2022, as evidenced by the filed Return of Service, ECF No. [24]. Defendant failed to serve any response or to answer the Complaint and a Clerk's Default was entered on January 24, 2023. ECF No. [37].

The Amended Complaint specifically alleges that Defendant owns the property located at 971 SW 8th Street, Miami, Florida 33130 ("Subject Property"). ECF No. [21] at ¶ 16. Cafe La Trova LLC was licensed to provide Permanent Food Service and Seating at the Subject Property. *Id*. at ¶ 19. Because the property is used as a restaurant known as Cafe La Trova, it is a place of public accommodation under the ADA. *Id*. at ¶ 20.

Plaintiff is diagnosed with Type 1B Hereditary Motor and Sensory Neuropathy, known as Charcot-Marie-Tooth Disorder. *Id*. at ¶ 3. He visited the Subject Property and encountered barriers to access, and engaged barriers. *Id*. at ¶ 21. Plaintiff alleges that he suffered and continues to suffer direct and indirect injury as a result of the ADA violations at the Subject Property. *Id*. at ¶ 22.

On February 7, 2023, Plaintiff filed the instant Motion in which he seeks entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b), against Defendant for injunctive relief as well as reasonable attorneys' fees and taxable costs.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)

(emphasis in original). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

If the Complaint states a claim, the Court must then determine the amount of damages and, if necessary, "may conduct hearings . . . [to] determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, where all the essential evidence to determine damages is on the paper record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." (citation omitted)).

A. Default Final Judgment

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Title III is meant to prevent owners of public places of accommodation from creating barriers that would restrict a disabled person's ability to enjoy the defendant entity's goods, services, and privileges." *Rendon v. Valleycrest Prods.*, 294 F.3d 1279, 1283 (11th Cir. 2002).

Upon review of Plaintiff's submissions, the Court finds a sufficient basis in the Complaint to enter default judgment in Plaintiff's favor. Plaintiff alleges that he attempted to, and has to the extent possible, accessed the Subject Premises but because of his disabilities and physical barriers

to access discovered that dangerous conditions and ADA violations exist that restrict and/or limit his access to the Subject Premises and/or the goods, services, facilities, privileges, advantages, and/or accommodations offered therein. ECF No. [21] at ¶ 24. As such, the Court finds Plaintiff's well-pled allegations sufficient to establish Defendant's liability.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez v. Icon Sky Holdings LLC*, 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011). "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)). Here, Plaintiff requests injunctive relief only. Specifically, in the instant Motion, Plaintiff requests that the Court Order Defendant to take all necessary steps to bring the Subject Property into full compliance with the requirements set forth in the ADA, and its implementing regulations, by no later than August 15, 2023, so that the property is fully accessible to disabled persons by addressing the following violations of the ADA: accessible parking space is not outlined in blue (2010 ADA Code § 50.2.2); accessible aisle is not outlined in white (2010 ADA Code § 50.2.3.3); accessible parking space does not have an aisle (2010 ADA Code § 50.2.3); accessible parking space has non-compliant surface slope (2010 ADA Code § 50.2.4); accessible route from parking space has non-compliant cross slope (2010 ADA Code § 403.3); ramp has non-compliant surface slope (2010 ADA Code § 405.2); bottom landing has non-compliant surface slope (2010 ADA Code § 405.7.1); ramp does not have the required handrails (2010 ADA Code § 405.8); and ramp does not provide handrails on both sides of ramp (2010 ADA Code § 505.2).

### B. Attorneys' Fees

Plaintiff requests attorneys' fees in the amount of $4,680.50, representing 10.5 hours legal hours billed by Plaintiff's counsel at a rate of $415.00 per hour and 3.4 administrative hours billed

at $95.00 per hour from August 15, 2022, through February 7, 2023. ECF No. [39] at 10-11; *see also* ECF No. [39-1].

Pursuant to 42 U.S.C. § 12205, "in any action . . . commenced pursuant to [the ADA], the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs[.]" Congress thus expressly conferred upon federal courts broad discretion in determining when an award of attorney's fees is appropriate. *See Tufaro v. Willie*, 756 F. Supp. 556, 560 (S.D. Fla. 1991) (citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)).

In *Norman v. Housing Auth. of City of Montgomery*, the Eleventh Circuit provided the framework within which courts may analyze the reasonableness of an award of attorney's fees. 836 F.2d 1292, 1292 (11th Cir. 1988). First, a district court must determine the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* at 1299. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation." *Id*. The party who applies for attorney's fees bears the burden of submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. *Id.* at 1303.

After calculating the lodestar fee, the court may then proceed with an analysis of whether to adjust the amount upward or downward. In making this determination, the court may depend upon a number of factors, including the quality of the results, and representation in the litigation. *Id*. at 1302. "If the result was excellent, then the court should compensate for all hours reasonably expended." *Id.* (quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987)). But "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that

is not excessive." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)). Further, a "reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 435. As such, the focus should be "on the significance of overall results as a function of total reasonable hours." *Popham*, 820 F.2d at 1578.

The Court has carefully reviewed Plaintiff's requested attorneys' fees and accompanying exhibits. In determining the appropriate hourly rate for Plaintiff's attorneys, the Court considers the factors elucidated in *Norman*, other relevant case law, and its own knowledge and experience. In the opinion of the Court, in light of the above factors, and Defendant's failure to object, the requested rates are reasonable. *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1350 (S.D. Fla. 2006) ("Satisfactory evidence may also include citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases." (quotation marks omitted)). The hourly rates for legal work by Plaintiff's counsel ($415.00) is not excessive. The Court likewise finds the hourly rate of $95.00 per hour for administrative tasks to be reasonable. The Court further concludes that because Plaintiff achieved the full measure of success sought, the award of fees "will encompass all hours reasonably expended on the litigation[.]" *Hensley*, 461 U.S. at 435. Accordingly, the Court awards the attorneys the full amount of attorneys' fees requested.

### C. Taxable Costs

Plaintiff also seeks $517.36 in taxable costs, consisting of the case filing fee ($402.00), the cost for attempted service of process of the complaint ($60.00), the cost for service of process for Secretary of State service ($38.75), and the costs for postage ($16.61). ECF No. [39-1].

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a

judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007).

After a review of the materials submitted by Plaintiff, the Court finds that the requested costs are reasonable and recoverable. *See Goodman v. Sperduti Enterps., Inc.*, No. 08-62096-CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920[.]"); *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Accordingly, Plaintiff is entitled to recover $517.36 in taxable costs.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [39]**, is **GRANTED**.

2. Final Judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 13, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

900 Southwest, LLC
c/o Secretary of State
500 S Bronough St
Tallahassee, FL 32399